UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWNEE COX,<br><br>        Plaintiff,<br><br>v.<br><br>PHIL BARBARICK and UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 4:19-cv-00498-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Phil Barbarick and United States of America's (collectively, the "Government") Motion to Dismiss (Dkt. 4). Having reviewed the record and briefing, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Government's Motion to Dismiss.

## II. BACKGROUND[1]

Plaintiff Shawnee Cox claims that on October 10, 2019, Barbarick killed her horse. That same day, Cox filed a small claims action for the damage to her horse, claiming $5,000

---

[1] The facts in this section come from Plaintiff's Complaint (Dkt. 1) and are accepted as true. *Wilson v. Lynch*, 835 F.3d 1083 (9th Cir. 2016).

in damages.[2] Dkt. 1, at 9. Barbarick was served with the summons and complaint on November 25, 2019. Subsequently, on December 16, 2019, Barbarick removed the case to federal court pursuant to 28 U.S.C. § 2679(d)(2)[3] and added the United States of America as a defendant.[4]

The Government moved to dismiss on December 23, 2019. The Government argues that, due to its sovereign immunity, Cox's claims should have been asserted under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b) & 2671–2680. According to the Government, the FTCA requires Cox to exhaust her administrative remedies. As Cox has failed to show that she has done so, the Government moves the Court to dismiss this case.

### III. LEGAL STANDARD

#### A. 12(b)(1)

When subject matter jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuasion. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance*

---

[2] A presumed relative, Rebecca Cox, also made an identical claim in case 4:19-cv-00497-DCN.

[3] This subsection states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

[4] Apparently, Phil Barbarick was employed as an Environmental Protection Specialist for the U.S. Department of Interior, Bureau of Land Management at the time of the incident. Dkt 1-7.

*Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual....").

If the jurisdictional attack is facial, the challenger asserts that the allegations contained in a complaint are insufficient on their face to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When assessing this type of jurisdictional attack, a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

## B. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

2009). A Rule 12(b)(6) dismissal "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. ANALYSIS

### A. Sovereign Immunity

Here, the Government claims it is entitled to sovereign immunity. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotations omitted). "The [FTCA] waives the United States' immunity from suits for certain torts committed by federal employees acting within the scope of their employment. In those waived circumstances, the FTCA makes the United States liable to the same extent as a private party would be for those torts." *Langley v. United States*, 182 F.Supp.2d 996, 1000 (D. Haw. 2002) (citing 28 U.S.C. § 2674). "Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Further, this "exhaustion requirement is jurisdictional and may not be waived." *Id.*

Pursuant to 28 U.S.C. § 2679(d)(2) and the certification provided by the United

States Attorney for the District of Idaho,[5] Cox's claim is deemed to be against the United States. As such, Cox must comply with the FTCA's procedures, namely exhausting her administrative remedies.

There is nothing in the briefing or in the record that indicates Cox has commenced any administrative procedures for her claim, much less exhausted them. Thus, the Court must dismiss the Cox's Complaint.

## B. Local Civil Rule 7.1(e)

In addition to the Government's sovereign immunity argument, the Court also dismisses Cox's Complaint as she has failed to submit a response to the Government's motion. Local Civil Rule 7.1(e) states that "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." Dist. Idaho Loc. Civ. R. 7.1(e)(1). Here, Cox's response to the Government's motion was due on January 13, 2020. As of the date of this decision, she has not filed any response. As such, Cox's failure to respond constitutes a separate ground for dismissal.

However, given the Ninth Circuit's strong policy of allowing amendment, *see Harris*, 573 F.at 737, the Court will allow Cox the opportunity to amend her Complaint. Cox must submit, within forty-five (five) days of this Order, an amended complaint detailing her efforts to exhaust her administrative remedies. Cox must also comply with

---

[5] 28 C.F.R. § 15.4 allows the United States Attorney to certify that the "federal employee was acting within the scope of his office of employment . . . ."

the other requirements of the FTCA as well as any other applicable laws and procedures.

## V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. The Government's Motion to Dismiss (Dkt. 4) is GRANTED.

   a. Cox's Complaint is DISMISSED WITHOUT PREJUDICE. The Court will allow Cox the opportunity to submit an amended complaint within forty-five (45) days of this Order. Failure to do so will result in the dismissal of this case with prejudice, without further notice.

DATED: April 7, 2020

David C. Nye
Chief U.S. District Court Judge